UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| PASSION WALKER,<br>                Plaintiff<br><br>VS.<br><br>CHESTER COMMUNITY CHARTER SCHOOL AND EASTSIDE MIDDLE SCHOOL,<br>                Defendant | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 AND 1441 (FEDERAL LAW CLAIMS)** |

**NOTICE OF REMOVAL OF DEFENDANT CHESTER COMMUNITY CHARTER SCHOOL**

PLEASE TAKE NOTICE that defendant Chester Community Charter School through undersigned counsel, hereby removes the above-captioned action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support thereof, defendant avers as follows:

1. On or about November 30, 2021, Plaintiff Passion Walker commenced this action against Chester Community Charter School through the filing of a Praecipe for Writ of Summons in the Philadelphia County Court of Common Pleas, which case now bears case number November Term, 2021, No. 002218. Plaintiff's Writ of Summons did not identify a cause of action. Plaintiff filed a Complaint on or about February 18, 2022.

2. Pursuant to 28 U.S.C. § 1441, this case is properly removed to this Court because Chester Community Charter School has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

**I.     CHESTER COMMUNITY CHARTER SCHOOL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

3.      The Complaint was served on Chester Community Charter School February 18, 2022. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4.      The Philadelphia County Court of Common Pleas is located within the Eastern District of Pennsylvania, Philadelphia Division. 28 U.S.C. § 118(a). Venue within the Eastern District is proper because the district "embrac[es] the place where [the] action is pending." 28 U.S.C. § 1441(a).

5.      No previous application has been made for the relief requested herein.

6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant, which papers include the summons and complaint, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of the Philadelphia County Court of Common Pleas.

**II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 and 1441.**

7.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff purports to assert civil claims under Constitution and/or laws of the United States in each of the three counts of her Complaint. All counts of the Complaint assert that Defendant violated Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. *See* Complaint, Counts I-III.

8.      By this Notice of Removal, Defendant does not waive any objections that they may have to service, personal jurisdiction, or venue, or any other defenses or objections that they may have to this action. Defendants intend no admission of fact, law, or liability by this Notice and reserve all defenses, motions, and/or pleas.

9. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

WHEREFORE, defendant Chester Community Charter School respectfully removes this action, bearing case number November Term, 2021, No. 002218 from the Philadelphia County Court of Common Pleas pursuant to 28 U.S.C. § 1441.

Dated this 7th day of March, 2022.

        Respectfully submitted,

        Eckert Seamans Cherin & Mellott, LLC

        _____

        Joshua D. Hill, Esquire (#93772)
        Andrew J. Bond, Esquire (#322764)
        50 South 16th Street
        Two Liberty Place, 22nd Floor
        Philadelphia, PA  19102
        215.851.8000 – telephone
        215.851.8383 – facsimile

        *Attorney for Defendant,*
        Chester Community Charter School

## **CERTIFICATE OF SERVICE**

I, Andrew J Bond, hereby certify that on this date, a true and correct copy of the Notice of Removal of Defendant Chester Community Charter School was served upon the following via United States first class mail:

Gregg L. Zeff, Esquire
100 Century Pkwy
Suite 160
Mt. Laurel, NJ  08054
gzeff@glzefflaw.com

and via regular mail upon the following:

Eastside Middle School
214 E. 5th Street
Chester, PA  19013

_____
Andrew J. Bond

Dated:   March 7, 2022

# EXHIBIT A

Summons
Citacion

# Commonwealth of Pennsylvania
### COUNTY OF PHILADELPHIA

*Filed and Attested by the Office of Judicial Records 30 NOV 2021 12:15 pm M. RUSSO*

|  |  |
|---|---|
| _____ : | COURT OF COMMON PLEAS |
| *Plaintiff* : |  |
| : | _____Term, 20____ |
| vs. : |  |
| : | No._____ |
| : |  |
| _____ : |  |
| *Defendant* |  |

To[1]

_____

_____

_____


# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____



211102218
30 NOV 2021 12:15 pm
M. RUSSO

10-208 (Rev. 6/14)

_____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 211102218

# Court of Common Pleas

_____ Term, 20 _____

No. _____

_____
*Plaintiff*

vs.

_____
*Defendant*

# SUMMONS

Case ID: 211102218

**ZEFF LAW FIRM, LLC**
Gregg L. Zeff, Esquire #042531988
Eva C. Zelson, Esquire #153832015
Derek J. Demeri, Esquire #363922021
100 Century Parkway
Mt. Laurel, NJ  08054
(856) 778-9700 (t)
(856) 702-6640 (f)
gzeff@glzefflaw.com
*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
18 FEB 2022 03:46 pm
A. STAMATO

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY

| | |
|---|---|
| P.W.,<br><br>*Plaintiff,*<br><br>v.<br><br>CHESTER COMMUNITY CHARTER SCHOOL,<br>214 E. 5th Street<br>Philadelphia, PA 19143<br><br>*Defendant.* | CIVIL ACTION NO. 211102218<br><br>JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

### PARTIES

1. Plaintiff P.W. is an adult individual residing at the above address. At the time of the incidents described herein, P.W. was a minor. Plaintiff is identified only by initials to protect her identity as a victim of sexual assault.

2. Defendant Chester Community Charter School (CCCS) was at all relevant times responsible for the care and safety of Plaintiff while she was a student at CCCS.

Page 1

Case ID: 211102218

## JURISDICTION AND VENUE

3. Jurisdiction is properly laid in this Court as CCCS is subject to personal jurisdiction in the Commonwealth of Pennsylvania.

4. The facts alleged herein arise out of CCCS's acts and/or omissions, which occurred in Philadelphia County, Pennsylvania.

## STATEMENT OF FACTS

5. P.W. was born on December 18, 2001.

6. On or around February 10, 2015, P.W. was a student enrolled in CCCS Eastside Middle School.

7. On or around February 10, 2015, P.W. was on a bus going to or from CCCS Eastside Middle School.

8. Upon information and belief, this was Bus Route 25.

9. Derek Hodges, a student enrolled in CCCS, was also on this bus.

10. On or around February 10, 2015, Derek Hodges sexually assaulted P.W. by attempting to place his hand up her skirt.

11. P.W. fought Derek Hodges off to prevent further assault.

12. P.W. may have seen E.W., a friend sitting next to her on the bus, also get sexually assaulted by Derek Hodges.

13. While Derek Hodges was committing this sexual assault, several of his friends who attended CCCS's high school were cheering him on.

14. Upon information and belief, some or all of Derek Hodges' friends from CCCS's high school were not supposed to be on that bus.

15. During this incident, the bus driver did not attempt to intervene and was wearing headphones.

16. After the sexual assault, P.W. ran off the bus.

17. Upon information and belief, Derek Hodges also sexually assaulted another student S.S.

18. When P.W. was in the second grade, Derek Hodges attempted to touch her against her will.

19. CCCS was aware of Derek Hodges previous sexual assaults before allowing him on Bus Route 25 on or about February 10, 2015.

20. As a result of the sexual assault on or about February 10, 2015, P.W. had performance issues while enrolled in CCCS Eastside Middle School.

21. P.W. turned eighteen years of age on December 18, 2019.

22. On November 30, 2021, P.W. filed a writ of summons against CCCS.

## COUNT I
## 42 U.S.C. § 1983
## STATE CREATED DANGER

23. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

24. CCCS affirmatively acted to create a danger that would not have been present absent such conduct.

25. The Fourteenth Amendment to the United States Constitution guarantees Plaintiff the substantive due process right to be free from state-created dangers.

26. Defendants violated this right by taking affirmative steps which placed Plaintiff at imminent and foreseeable risk of danger and harm.

27. The physical, emotional, developmental, psychological, and/or psychiatric harm that Plaintiff suffered after being so placed was foreseeable, and directly and proximately cause unconstitutional acts and omissions.

28. Defendant arbitrarily and capriciously deprived Plaintiff of her due process rights in the absence of any countervailing state interest.

29. Plaintiff's substantive due process rights to be free of state-created dangers were clearly established constitutional rights at the time of Defendant's acts and/or omissions, and a reasonable individual would have known that their acts and/or omissions would have violated these clearly established constitutional rights.

WHEREFORE, Plaintiff demands judgment against Defendant plus interest, costs, attorney's fees, and punitive damage.

## COUNT II
## 42 U.S.C. § 1983
## UNCONSTITUTIONAL POLICY, PRACTICE, OR CUSTOM

30. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

31. As a result of CCCS's constitutionally infirm policies, customs, and/or practices as described herein, P.W. has been deprived of her pursuit of life, liberty, and happiness, due process, and other constitutional rights in violation of the Fifth and Fourteenth Amendments.

WHEREFORE, Plaintiff demands judgment against Defendant plus interest, costs, attorney's fees, and punitive damage.

## COUNT III
## 42 U.S.C. § 1983
## FAILURE TO TRAIN

32. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

33. CCCS failed to properly train and/or supervise its staff members, including the bus driver who drove on Bus Route 25 on or about February 10, 2015.

34. As such, CCCS was deliberately indifferent, grossly negligent, wanton, and/or reckless with respect to the potential violations of the constitutional rights of P.W.

WHEREFORE, Plaintiff demands judgment against Defendant plus interest, costs, attorney's fees, and punitive damage.

**ZEFF LAW FIRM, LLC**

*/s/ Gregg L. Zeff*
Gregg L. Zeff, Esq.
*Attorneys for Plaintiff*

Dated: February 18, 2022

## JURY DEMAND

Please take notice that Plaintiff hereby demands a trial by jury as to all issues.

## **VERIFICATION**

I, _P.W_____, verify that the statements made in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____P.W_____
P.W.

Dated: