UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | : | |
|---|---|---|
| PASSION WALKER, | : | |
|                Plaintiff | : | Case No.: 2:22-cv-00840-GJP |
| | : | |
| VS. | : | |
| | : | |
| CHESTER COMMUNITY CHARTER SCHOOL AND EASTSIDE MIDDLE SCHOOL, | : : : | |
|                Defendant | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of Defendant Chester Community Charter School's Motion to Dismiss Plaintiff's Amended Complaint, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. Plaintiff's claims against Chester Community Charter School are DISMISSED with PREJUDICE.

BY THE COURT:

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| PASSION WALKER, | : |
| Plaintiff | : Case No.: 2:22-cv-00840-GJP |
| VS. | : |
| CHESTER COMMUNITY CHARTER SCHOOL AND EASTSIDE MIDDLE SCHOOL, | : |
| Defendant | : |

**MOTION TO DISMISS OF CHESTER COMMUNITY**
**CHARTER SCHOOL PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant Chester Community Charter School, hereby move to dismiss Plaintiff's Amended Complaint. In support of this Motion, Defendant incorporates by reference and relies upon the Memorandum of Law filed herewith.

Respectfully submitted,

Eckert Seamans Cherin & Mellott, LLC

_____
Joshua D. Hill, Esquire (#93772)
Andrew J. Bond, Esquire (#322764)
50 South 16th Street
Two Liberty Place, 22nd Floor
Philadelphia, PA  19102
215.851.8000 – telephone
215.851.8383 – facsimile

*Attorney for Defendant,*
Chester Community Charter School

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| PASSION WALKER, : | |
| Plaintiff : | Case No.: 2:22-cv-00840-GJP |
| : | |
| VS. : | |
| : | |
| CHESTER COMMUNITY CHARTER : | |
| SCHOOL AND EASTSIDE MIDDLE : | |
| SCHOOL, : | |
| Defendant : | |

**MEMORANDUM OF LAW IN SUPPORT OF CHESTER COMMUNITY CHARTER SCHOOL'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Chester Community Charter School by and through undersigned counsel, hereby files the following memorandum in support of its Motion to Dismiss for failure to state a claim upon which relief may be granted.

**I. Background**

Plaintiff P.W. filed a Complaint in this matter in the Court of Common Pleas of Philadelphia County. ECF No 1. This matter was removed to federal court by Chester Community Charter School on March 7, 2022. *Id.* On March 11, 2022, Chester Community Charter School filed a Motion to Dismiss for Failure to State a Claim. ECF No 3. On September 20, 2022, this Honorable Court issued an Order dismissing Plaintiff's Complaint without prejudice. ECF No 7 and 8. The September 20, 2022 Order stated in part under the facts alleged by Plaintiff, Chester Community Charter School did not affirmatively use its authority to create a danger to P.W. *Id.*

On October 25, 2022, Plaintiff filed an Amended Complaint. ECF No 11. In her Amended Complaint, Plaintiff realleges that Chester Community Charter School is liable to her

under federal law for violation of the Fifth and Fourteenth amendment. *Id.*[1] Plaintiff alleges that in 2015 she was a student enrolled at Chester County Community School. *Id.* at ¶6. Plaintiff alleges prior fights or alterations occurred on her bus route. *Id* at ¶8. Plaintiff alleges that Chester Community Charter School had bus aides present to avoid student fighting on buses. *Id.* at ¶13. Additionally, that the police had been called on several occasions prior to February 20, 2015 regarding assaults by students on buses. *Id* at ¶15. On February 10, 2015, P.W. was on the bus going to or from school when she was sexually assault by another student, D.H. *Id.* at ¶20. D.H. attempted to put his hand up her skirt. *Id.* During this incident, the bus driver not attempt to intervene and was wearing headphones. *Id.* at ¶25. Plaintiff alleges Chester Community Charter School was aware D.H. had previously assaulted students. *Id.* at ¶29. Plaintiff turned eighteen years of age on December 18, 2019. *Id.* at ¶33. This matter was initiated via Writ of Summons on November 30, 2021. *Id.* at ¶34.

Chester Community Charter School now moves to dismiss Plaintiff's Amended Complaint.

**II. Argument**

    **A. Plaintiff's Amended Claims under the 14th Amendment Failure as a Matter of Law**

Section 1983 created a civil action for citizens who have been deprived of their constitution rights by state actions. *See* 42 U.S.C. § 1983. Plaintiff's claims under the Fourteenth Amendment substantive due process right to bodily integrity fails as a matter of law.

---

[1] It is unclear what Plaintiff's claims under the Fifth Amendment specifically are as they are not plead in the Complaint.

"The state has no affirmative obligation to protect its citizen from the violent acts of private individuals under the due process clause of the Fourteenth Amendment." *Page ex rel. Page v. Sch. Dist. Of Philadelphia*, 45 F.Supp.2d 457, 463 (1999) (*citing Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 907 (3d Cir. 1997)). This "no duty" rule has been specifically applied and extended to claims against local school districts. *D.R. by L.R. v. Middle Bucks Area Vo. Tech School*, 972 F.2d 1364, 1370 (3d Cir. 1992).[2] A constitutional claim will arise under the Fourteenth Amendment only in circumstances when a state-actor engages in affirmative "conscience-shocking" behavior that creates a danger rendering the citizen more vulnerable to danger than had the state not acted at all. *L.R. v. Sch. Dist. Of Phila.*, 836 F.3d 235, 242 (3d Cir. 2016); *Morrow v. Balaski*, 719 F.3d 160, 179 (3d Cir. 2013); *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006). Courts have recognized two exceptions to this "no duty" rule: the special relationship exception and the state created danger exception. *Page,* 45 F.Supp.2d at 463.

A special relationship does not exist between students and their schools. The compulsory education laws do not create a special relationship between a student and a school district such that the school has an affirmative duty to protect the student. *D.R. by L.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364,1372-1373 (3d Cir 1992); *Morrow v. Balaski*, 719 F.3d 160, 168-170 (3d Cir. 2013). Courts have found the special relationship exception requires a test of physical custody. *Page*, 45 F.Supp.2d at 464 (citing *D.R.*, 972 F.2d at 1370). Traditionally, it has been held that a "special relationship" has been established when "the State takes a person into its custody and holds him there against his will." *DeShaney v. Winnebago*

---

[2] Charter Schools are entitled to the same immunity as political subdivision and local agencies. *Pocono Mt. Charter Sch. v. Pocono Mt Sch. Dist.*, 442 F. App'x 681, 686 (3d Cir. 2011).*Easley v. City of Phila.*, 2015 U.S. Dist. LEXIS 39076 (E.D. Pa. 2015); *Warner ex rel. Warner v. Lawrence*, 900 A.2d 980, 985 (Pa. Commw. Ct. 2006)

*County Dep't of Soc. Servs*., 489 U.S. 189, 198-200 (1989). In *D.R*., the Third Circuit held "school children are not in the type of physical custody required to raise a special relationship, the school children's liberty is not restricted in anyway after school hours, and they do not rely on the school to provide for their basic human needs." *D.R*., 972 F.2d at 1372.

In this matter, nothing in Plaintiff's Amended Complaint distinguished her situation from those of the plaintiffs in *Page, D.R., or Morrow*, and therefore, her special relationship Fourteenth Amendment claim fails. While Plaintiff's Amended Complaint alleges that Plaintiff was in Defendant's custody and care, there are no allegations in Plaintiff's Amended Complaint to create a special relationship under the Fourteenth Amendment. ECF No 11.

Next, Plaintiff's allegations fail to state a state-created danger claim. Plaintiff alleges that the Defendant allowed Plaintiff to be assaulted by Mr. Hodges by having unconstitutional policies, practice, and customs along with a failure to train. This failure allegedly allowed the assault on P.W. to occur. *Amended Compl*. at ¶¶ 46-47. However, the actions complained of by Plaintiff does not violate the constitutional right to due process of law. *D.R*., 972 F.2d at 1376

To plead a claim for state-created danger liability, Plaintiff must demonstrate: (1) the harm ultimately caused was foreseeable and direct; (2) the state actor acted in willful disregard for the safety of plaintiff; (3) there existed some relationship between the state and the plaintiff; and (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur. *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir. 1996). For liability to exist, a state actor must affirmatively create the danger which harms plaintiff or render her more vulnerable to that damage. *Page*, 45 F.Supp. at 465. It is "the misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." *Bright v. Westmoreland Cty*., 443 F.3d 276, 282 (3d Cir. 2006).

Plaintiff's amended allegations in this matter center again on the Defendant's failure to intervene when P.W. was assaulted on the school bus. *Id.* at ¶25. What Plaintiff truly complains of is the Defendant's failure to use their authority. *See e.g. Morrow*, 719 F.3d at 178. (Defendants' allowing assailant to board bus while knowing of no-contact order was a failure to act and not actionable.); *Nabozny v. Podlesny*, 92 F.3d 446, 459-460 (7th Cir. 1996) (Complaint of defendants' failure to stop harassment and use of their authority to maintain a policy or practice failing to punish Plaintiff's assailants was not actionable because it alleged inaction not an affirmative act.). Under the *status quo* approach there is no allegations in Plaintiff's Amended Complaint that Chester Community Charter School affirmatively removed a barrier that would otherwise have prevented access to P.W. Plaintiff allegations regarding the failure to review security footage only constitute a failure to act. *Id.* at 16. There is no allegation that Defendant removed bus aides or security cameras prior to the claims at issue. In this matter because Plaintiff only realleges the Defendant failed to take action, her claims fail as a matter of law.

> **B. Plaintiff's Amended Claims Regarding Policy/Procedure and Failure to Train Fails to Allege an Underlying Constitutional Violation**

It is well-established that a municipal entity may be held liable under Section 1983 when its policy causes the alleged constitutional violation. *Monell v. Dep't of Social Servs. of City of N.Y.,* 436 U.S. 658, 694 (1978). In particular, a plaintiff asserting a *Monell* claim must establish that "(1) [he or] she possessed a constitutional right of which [he or] she was deprived; (2) the municipality had a policy [or custom]; (3) the policy [or custom] 'amounted to deliberate indifference' to [his or] her constitutional right; and (4) the policy [or custom] was the 'moving force behind the constitutional violation.'" *MGJ v. Sch. Dist. of Phila.*, 2017 WL 2277276, *7 (E.D. Pa. 2017).

Again, Plaintiff has failed to allege any underlying constitutional violations, therefore her claims must fail. Furthermore, other than conclusory allegations of *Monell* theories, Plaintiff fails to plead any facts that would support a basis for such either an unconstitutional policy, practice, or custom or a failure to train claim. Indeed, Plaintiff's Complaint provides unsupported allegations regarding a policy of having bus aides. Without any supporting details, Plaintiffs fail to allege deliberate indifference under a pattern of violations theory and Plaintiff fail to sufficiently allege that Chester Community Charter School acted with the deliberate indifference necessary to sustain a claim for municipal liability.

### III. Conclusion

Wherefore, for the reasons included herein, the Chester Community Charter School respectfully requests this Court grant the Motion to Dismiss.

Respectfully submitted,

Eckert Seamans Cherin & Mellott, LLC

_____
Joshua D. Hill, Esquire (#93772)
Andrew J. Bond, Esquire (#322764)
50 South 16th Street
Two Liberty Place, 22nd Floor
Philadelphia, PA  19102
215.851.8000 – telephone
215.851.8383 – facsimile

Attorney for Defendant,
Chester Community Charter School

## CERTIFICATE OF SERVICE

I, Andrew J Bond, hereby certify that on this date, a true and correct copy of the Motion to Dismiss of Defendant Chester Community Charter School was served upon the following via Electronic Filing:

Gregg L. Zeff, Esquire
100 Century Pkwy
Suite 160
Mt. Laurel, NJ  08054
gzeff@glzefflaw.com

and via regular mail upon the following:

Eastside Middle School
214 E. 5th Street
Chester, PA  19013

_____
Andrew J. Bond

Dated:  November 7, 2022