IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| P.W., *Plaintiff,* v. CHESTER COMMUNITY CHARTER SCHOOL, *Defendant.* | CIVIL ACTION NO. 22-840 |

# ORDER

**AND NOW**, this 16th day of December 2022, upon consideration of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF 12) and Plaintiff's Response (ECF 15), it is hereby **ORDERED** that Defendant's Motion is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED with prejudice**.

In her initial Complaint, Plaintiff P.W. alleged that another student, who years before had attempted to touch her against her will, attempted to put his hand up her skirt while riding the school bus. P.W. claimed Defendant Chester Community Charter School knew about the student's prior alleged sexual assaults before allowing him on the bus. P.W. claimed that CCCS violated her Fourteenth Amendment Due Process Clause right to bodily integrity under the "state-created danger" exception to the general rule that the state has no affirmative duty to protect its citizens from private violence. (Compl. ¶¶ 10, 17, 18–19, 25, Ex. A, ECF 1.)

CCCS moved to dismiss the Complaint (ECF 3) and the Court granted the motion. The Court's Memorandum Opinion (ECF 7) recounted the case's factual and

procedural history and is incorporated herein.  In that Memorandum, the Court explained that P.W. had not alleged an affirmative use of the school's authority, as required for a state-created danger claim, but allowed P.W. to amend her Complaint if she could allege facts, consistent with the Court's explanation, that could establish a constitutional violation.

P.W. filed an Amended Complaint, which now also alleges that CCCS knew that assaults and fights frequently occurred on P.W.'s bus route and that CCCS placed bus aides and video cameras on the bus in a presumed effort to deter assaults by other students.  (Am. Compl. ¶¶ 9–11, ECF 11.)  P.W. now claims the bus aides were not present roughly twice a week, that the videos of the bus rides were not reviewed daily and that CCCS nonetheless allowed the bus to operate, despite knowing of the assaults and the need for the bus aides to protect the students.  (*Id.* ¶¶ 13–14, 16–17.)

CCCS moved to dismiss the Amended Complaint arguing, *inter alia*, that the gravamen of P.W.'s claim remains that CCCS failed to use its authority, not that it affirmatively used, or misused, that authority.  CCCS is correct.  Failing to manage absenteeism among the bus aides is not an affirmative use of the school's authority. *See Gomez v. Se. Pa. Transp. Auth.*, 22-2949-KSM, 2022 WL 16540074, at *6 (E.D. Pa. Oct. 27, 2022).

In her Response to CCCS's Motion, P.W. says that CCCS took the "affirmative steps" of placing the aides and cameras on the bus—"exactly the kind of affirmative step that separates these facts from the status quo type of case . . . ."—but then "failed in its duty to provide the reasonably relied upon safeguards." (ECF 15 at 6–7.)  This is not the correct analysis and fails to correct the initial Complaint's shortcomings.  P.W. does not claim, as she must, that CCCS acted

affirmatively to remove a barrier that would otherwise prevent access to her, nor that placing aides and cameras on the bus upset the "status quo" in a way that made the bus more dangerous for P.W.  See *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 242–43 (3d Cir. 2016).  Her allegations still come down to CCCS's "failure to provide the bus aide on the day in question . . . ."  (ECF 15 at 7.)  The Amended Complaint does not allege facts which could establish that CCCS affirmatively used its authority to create a danger to P.W.

       The Amended Complaint is dismissed with prejudice because at this point further amendment would be futile.  See *Andela v. Am. Ass'n Cancer Rsch.*, 389 F. App'x 137, 142 (3d Cir. 2010) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008)); Fed. R. Civ. P. 15(a)(2).

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.